# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELENA K. WILSON<br><br>Plaintiff<br><br>v.<br><br>NANCY A. BERRYHILL[1], Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 2:16-cv-09086-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Helena K. Wilson ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 12, 13] and briefs addressing disputed issues in the case [Dkt. 17 ("Pltf.'s Br.") and Dkt. 18 ("Def.'s Br."), Dkt. 20 ("Pltf.'s Reply).] The Court has taken the parties' briefing under submission without oral

---

[1] The Court notes that Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 23, 2017. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court orders that the caption be amended to substitute Nancy A. Berryhill for Carolyn W. Colvin as the defendant in this action.

argument. For the reasons set forth below, the Court affirms the decision of the ALJ and orders judgment entered accordingly.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On November 20, 2012, Plaintiff filed an application for SSI and DIB. [Dkt. 16, Administrative Record ("AR") 158-167.] The Commissioner denied her initial claim for benefits on July 11, 2013. [AR 11, 83-89.] On April 3, 2015, a hearing was held before Administrative Law Judge ("ALJ") Dean Yanohira. [AR 25-52.] On April 10, 2015, the ALJ issued a decision denying Plaintiff's request for benefits. [AR 8-24.] Plaintiff requested review from the Appeals Council, which denied review on October 14, 2016. [AR 1-6.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 404.1520(b)-(g)(1); 416.920(b)-(g)(1). At step one, the ALJ concluded that Plaintiff has not engaged in substantial gainful activity since September 19, 2012, the alleged onset date, through December 31, 2016, her date last insured. [AR 13.] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: right knee patella/femoral syndrome with degenerative changes; left knee status post arthroscopic drilling of the medial femoral condyle with trochlea; degenerative disc disease of the lumbar spine with disc herniation; osteoarthritis and degenerative joint disease of the knees; a bipolar disorder, not otherwise specified; and a mood disorder. [*Id.* (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)).] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 14 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).]

The ALJ found that Plaintiff had the following residual functional capacity (RFC):

> [L]ight work as defined in the Dictionary of Occupational Titles with the following non-exertional limitations: unable to climb ladders, ropes, and scaffolds; otherwise, able to perform only occasional climbing, as well as occasional crouching, stooping, crawling, and kneeling; every hour, requiring the option to stretch, stand, or sit at the work station for a few minutes while staying on task; limited to unskilled, simple, repetitive tasks; and able to perform work requiring only incidental interpersonal contact with coworkers, supervisors, and the general public.

[AR 15.] Applying this RFC, the ALJ found that Plaintiff is unable to perform past relevant work, but determined that based on her age (48 years old), high school education, and ability to communicate in English, she could perform representative occupations such as mail sorter (Dictionary of Occupational Titles ("DOT") 222.687-022), table worker (DOT 783.687-030), and hand trimmer (DOT 794.687-062) and, thus, is not disabled. [AR 19.]

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

### IV. DISCUSSION

Plaintiff sole argument is that the ALJ erred in his step five determination. [Pltf.'s Br. at 2.] At step four, the ALJ determined that Plaintiff is capable of "incidental interpersonal contact with co-workers, supervisors, and the general public." [AR 15.] At step five, Heidi Paul, the vocational expert, identified three positions that a person with Plaintiff's RFC could perform: (1) mail sorter, DOT

position 222.687-22 (1991 WL 672133); (2) table worker, DOT 783.687-030 (1991 WL 680943); and (3) hand trimmer, DOT 794.687-062 (1991 WL 681329). Plaintiff does not contend that the ALJ erred in finding that Plaintiff could have incidental contact with co-workers, supervisors, and the public. Plaintiff also does not contend that the vocational expert's testimony conflicted with the DOT. Rather, plaintiff argues the vocational expert failed to explain how the limitation to "incidental interpersonal contact with co-workers, supervisors, and the general public" is consistent with "the capacity to respond appropriately to supervision that rests at the core of how work gets done." [Pltf.'s Br. at 6.] The Court will assume this issue is not waived, even though Plaintiff's counsel did not raise the issue at the hearing before the ALJ or during Plaintiff's request for review from the Appeal's Council. *See, e.g.*, *Shaibi v. Berryhill*, No. 15-16849, ⎯⎯ F.3d ⎯⎯⎯, 2017 WL 3598085 (9th Cir. Aug. 22, 2017) (finding that a plaintiff had waived a challenge to the factual basis for a VE's estimate of the number of available jobs in the regional and national economies because he did not raise this challenge before either the ALJ or the Appeals Council before arguing to the federal district court that the VE's job estimates "deviated from listed sources of administrative notice.")

As Plaintiff points out, "basic work activities" includes "responding appropriately to supervision, co-workers, and usual work situations." *See* 20 C.F.R. §§ 404.1522(b)(5); 416.922(b)(5). Plaintiff argues that "[a] work environment with incidental contact with supervisors constitutes a work environment without supervision in any real or meaningful sense." [Pltf.'s Br. at 6.] Plaintiff contends that an ability to "tolerate" *more than* "incidental contact with supervisors" is necessary "to respond appropriately to supervision." [*Id.*] Plaintiff cites no authority for this assertion other than the Merriam Webster definition of "incidental" as "being likely to ensue as a chance or minor consequence" or "occurring merely by chance or without intention or calculation." [Pltf.'s Br. at 6.]

///

4

Plaintiff asks that the Court "invoke[e] a commonsense understanding of how work gets done." However, the Court does not need to rely on "common sense." The DOT provides that performing tasks involving "people" is "Not Significant" for the mail sorter, table worker, and hand trimmer positions. *See* DOT 222.687-22 (1991 WL 672133); (2) DOT 783.687-030 (1991 WL 680943); and (3) DOT 794.687-062 (1991 WL 681329). Thus, a limitation to only "incidental interpersonal contact with the coworkers, supervisors, and the general public" is not inconsistent with the DOT description for these positions. Accordingly, no actual conflict exists between the testimony of the vocational expert and the information contained in the DOT.

Plaintiff's argument implicates how to define "incidental" contact. Under Plaintiff's definition of incidental ("being likely to ensue as a chance or minor consequence" or "occurring merely by chance or without intention or calculation"), anyone with an incidental contact limitation—which is quite common—would be automatically disabled. [*See* Pltf.'s Br. at 6.] However, incidental also means, "[o]f a minor, casual, or subordinate nature." *Incidental,* Webster's II New Riverside University Dictionary (1994). This definition is consistent with the DOT. Under the DOT descriptions for the mail sorter, table worker, and hand trimmer positions, incidental (minor, not significant) interaction with a supervisor (coworker or public) is all that is needed.[2] Counsel's personal view of how unskilled work is actually

---

[2] Plaintiff does not contend that the level of training required for the mail sorter, table worker, or hand trimmer positions amounts to more than incidental contact with supervisors, coworkers, or the public. However, even if Plaintiff had made this argument, it would fail. The DOT provides that the table worker position is a special vocational preparation level 1 position meaning the training requires "short demonstration only." DOT 783.687-030 (1991 WL 680943). The mail sorter and hand trimmer are specific vocational preparing level 2 positions meaning the training requires "anything beyond short demonstration up to and including one month." DOT 222.687-22 (1991 WL 672133) and (3) DOT 794.687-062 (1991 WL 681329). Thus, the training requirements for all three positions involves limited interpersonal contact, consistent with the RFC.

performed is not sufficient to support a finding of reversible error. Accordingly, the Court concludes that reversal is not warranted on this basis.

## V. CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

**IT IS SO ORDERED.**

DATED: October 25, 2017

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE